[No. 8,007.—Department One.]

## C. D. HAVEN v. DAVID SEELEY ET AL.

RIGHT OF WAY — EASEMENT — EQUITABLE ESTOPPEL — ACTION TO QUIET TITLE—PLEADING.—The complaint alleged that the plaintiff was the owner of a ditch and right of way, and that defendant claimed an adverse interest growing out of a contract to purchase from the Southern Pacific Railroad Company the land through which the ditch extended; that defendant, prior to the construction of the ditch, agreed and assented thereto, and during the construction stood by with full knowledge of his own rights, and encouraged and acquiesced in the construction thereof. But there was no allegation that the Government of the United States, or the railroad company, or the defendant, was owner of the land through which the ditch extended, or that the defendant was in possession of it, or that the plaintiff was in possession of the ditch or had ever run water through it.

*Held:* The general averments that the plaintiff was the owner of the ditch, and that defendant claimed an adverse interest, might perhaps, under our system of pleading, have constituted a cause of action, but from the specific statement of the nature of plaintiff's claim, it clearly appears that he relied upon the declarations and conduct of the defendant as operating, in legal effect, a grant of the easement, or as estopping the defendant from denying his title thereto. The facts alleged in the complaint do not constitute such a cause of action.

APPEAL from a judgment for the defendant and intervenor in the Superior Court of San Bernardino County. ROLFE, J.

*Boyer & Gibson,* for Appellants.

*Satterwhite & Curtis,* for Respondent.

The COURT:

The amended complaint alleges that plaintiff is now, and at all times therein mentioned was the owner of the certain water and irrigating ditch, and right of way for the same across the certain land or tract of land in San Bernardino County, described as section 33, township 1 north, range 3 west, San Bernardino meridian. That defendant claims some interest therein, adverse to plaintiff, growing out of some contract or application of his with or to the Southern Pacific Railroad Company, whereby he is to be given a preference to purchase the lands over which said water-ditch runs, from said company, after it acquires title to said lands from the Government of the United States. That plaintiff constructed said ditch in good faith, believing that he thereby acquired a good and perfect title to said water-ditch, etc., and that the same is now " of great value to plaintiff, to wit, five thousand dollars." That defendant, prior to the construction of the water-ditch, agreed and consented to the construction thereof by plaintiff, and during the time the same was being constructed, stood by, with full knowledge of his own rights in the premises, and knowing that plaintiff believed he had a right to construct said ditch, and encouraged and acquiesced in the construction thereof by plaintiff, etc. The prayer is, that plaintiff be adjudged to be the owner of the water-ditch and right of way across section 33, and that the defendant has no title or interest therein: that plaintiff's title be quieted, etc.

The general averments that plaintiff was the owner of the ditch across section 33, and that defendant claimed some interest therein, might, perhaps, have constituted—under our system of pleading—a statement of a cause of action.

But the plaintiff has set forth specifically the nature of his claim of title. From the statements of the complaint it clearly appears that plaintiff relies upon the declarations and conduct of defendant as operating, in legal effect, a grant of the easement, or as estopping defendant from denying plaintiff's title thereto.

There is no allegation that the Government of the United States, or the Railroad Company, or the defendant, is the owner of land over which the ditch has been extended, or that defendant is or ever has been in possession of the land. Nor is it alleged that plaintiff is in possession of the ditch, or that he has ever run water through it. Under the circumstances stated in the complaint, we know of no application of the doctrine of equitable estoppel which can be resorted to, to prevent a future revocation by defendant of the attempted license.

The demurrer to the amended complaint should have been sustained.

Judgment affirmed.