[L. A. No. 638.    Department One.—July 19, 1900.]

GAETANO BERONIO, Jr., et al., Appellants, v. VENTURA
COUNTY LUMBER COMPANY, Respondent.

QUIETING TITLE—ANNULMENT OF SHERIFF'S DEED—MORTGAGE SUBSEQUENT
TO CONVEYANCE—SINGLE CAUSE OF ACTION—DEMURRER FOR MISJOIN-
DER.—A complaint seeking to quiet plaintiff's title, and also to an-
nul a sheriff's deed to the defendant under foreclosure of a
mortgage made subsequently to the record of a conveyance
by the mortgagor under which plaintiff claims title, states only
a single cause of action for the enforcement of plaintiff's right
to the premises in question against the unlawful claim of the
defendant thereto, and is not subject to a demurrer for mis-
joinder of causes of action.

ID.—PLURAL REMEDIES FOR SINGLE RIGHT.—A plaintiff may frequently
be entitled to several remedies of different kinds for the en-
forcement of a single right of action.

ID.—HOMESTEAD—BUSINESS AND HOTEL PROPERTY—CONVEYANCE BY HUS-
BAND—SUBSEQUENT JOINT MORTGAGE.—No valid homestead claim
can be made upon premises used for a general merchandise
store and hotel, though the family may reside in such hotel;
and a conveyance made by the husband alone of such premises
which were his separate property, after a declaration of home-
stead had been filed by him thereupon, passed title to the gran-
tee, and plaintiffs claiming under such conveyance duly re-
corded hold the title free from the encumbrance of a subse-
quent mortgage executed jointly by the husband and wife, and
from any title derived thereunder by the defendant through
a sheriff's deed under foreclosure of such mortgage.

ID.—FORECLOSURE OF MORTGAGE—PARTIES DEFENDANT—PLEADING—RES
ADJUDICATA—ADVERSE TITLE NOT INVOLVED.—Where the plaintiffs
in the action to quiet title, having a title prior, adverse, and
paramount to that of the mortgage, were made parties defend-
ant to the foreclosure thereof, under the usual allegations in
the complaint that the defendants other than the mortgagor
claim some interest in the premises, and that such interest is
subsequent and subordinate to that created by the mortgage,
without setting forth the particulars of the defendants' claim,
or showing that it was prior in time to the mortgage, the judg-
ment of foreclosure does not become res adjudicata as to the
prior adverse title of the plaintiffs.

ID.—ESTOPPEL OF FORMER JUDGMENT—IDENTITY OF QUESTIONS.—In order
that a judgment in one action may constitute an estoppel
against the parties thereto in a subsequent action, it must be
made to appear, with certainty to every intent, either upon the

face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. What was involved must not be left to any uncertainty or conjecture; and that only is deemed to have been adjudged in the former action which appears upon the face of the record to have been so adjudged, or which was actually and necessarily included therein, or necessary thereto.

Id.—Object of Foreclosure of Mortgage—Title of Mortgagor at Date of Mortgage—Proper Parties—Dismissal of Adverse Claimants.—The object of a suit to foreclose a mortgage is to vest in the purchaser at the sale the same title or estate which the mortgagor had at the date of the mortgage; and the only proper or necessary parties defendant are the mortgagor and those claiming under him subsequent to that date. Titles adverse to that of the mortgagor, or superior to the mortgage, are not proper subjects for determination; and the proper action of the court is to dismiss from the suit any of the defendants who appear to be adverse claimants of such a title.

Id.—Conclusiveness of Judgment Against Adverse Claimant—Pleadings.—If the complaint in foreclosure sets forth the facts upon which an adverse claimant made defendant bases his claim of title, and he allows issues to be tried thereon without objection, he is concluded by the judgment; but if it merely avers that he claims an interest, and that such interest is subsequent and subordinate to the mortgage, it negatives any claim of plaintiff that it was prior thereto and presents a mere conclusion of law, and the denial of these averments does not raise an issue upon a claim of title prior and adverse to that covered by the mortgage, or upon the validity thereof, and a claim of such title is not concluded by the judgment.

APPEAL from a judgment of the Superior Court of Ventura County. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

Henning & Bowen, for Appellants.

Different requests for relief under one claim of right of action do not constitute different causes of action. (Pomeroy on Code Remedies, secs. 452, 454, 457, 459; *People v. Center*, 66 Cal. 555-67; *Chester v. Hill*, 66 Cal. 482, 484; *Axtell v. Gerlach*, 67 Cal. 483; *McLennan v. McDonnell*, 78 Cal. 274, 277; *Loveland v. Garner*, 71 Cal. 541; *Grandona v. Lovdal*, 70 Cal. 161.) The homestead claim to a place of business and hotel was void. (*Gregg v. Bostwick*, 33 Cal. 227, 228[1]; *McDowell v. Creditors*,

[1] 91 Am. Dec. 637.

103 Cal. 264[2]; *In re Liggel,* 117 Cal. 352[3]; *In re Allen,* 78 Cal. 294; *Tiernan v. Creditors,* 62 Cal. 286; *Laughlin v. Wright,* 63 Cal. 113-16.) The foreclosure proceedings did not involve any prior title to that of the mortgage; and the deed only vested in the purchaser such title as the mortgagor had at the date of the mortgage. (Jones on Mortgages, 3d ed., sec. 1589; *McComb v. Spangler,* 71 Cal. 418; *Ord v. Bartlett,* 83 Cal. 428; *Cody v. Bean,* 93 Cal. 578; *Sichler v. Look,* 93 Cal. 600; *Hoppe v. Fountain,* 104 Cal. 94.)

Blackstock & Ewing, for Respondent.

The prayer may determine the nature of the action, and show a misjoinder. (*Nevada County etc. Co. v. Kidd,* 37 Cal. 304, 317.) The adjudication against the title of the plaintiffs in the foreclosure suit is valid until reversed. (1 Freeman on Judgments, 540.) The excess in value of the homestead did not render it void; and a deed by the husband alone while the homestead was subsisting is absolutely void. (*Gleason v. Spray,* 81 Cal. 217[4]; *Ham v. Santa Rosa Bank,* 62 Cal. 125.[5]) The homestead law is to be liberally construed. (*Quackenbush v. Reed,* 102 Cal. 493.) The homestead claim should be sustained upon that portion of the property resided on by the family. (*King v. Gotz,* 70 Cal. 236.)

HARRISON, J.—Suit to quiet title. The complaint sets forth that in the year 1884 Gaetano Beronio, Sr., was the owner of the land involved in the action, and built thereon a two-story brick building for the purpose of conducting therein a general merchandise store and hotel. He was at that time unmarried, and with his servants conducted said business and hotel until December 29, 1886, when he married, and thereafter with his wife continued to conduct said business, occupying a portion of the building with his family for that purpose. There were several other buildings upon the lot, separated from the hotel building, all of which were used in connection with the hotel business, but not as the dwelling of Beronio or of his family. February 3, 1887, he executed and acknowledged a

---

[2] 42 Am. St. Rep. 114.      [4] 15 Am. St. Rep. 47.
[3] 59 Am. St. Rep. 190.      [5] 45 Am. Rep. 654.

declaration of homestead upon said lot, sufficient in form, and
filed the same with the county recorder. January 10, 1891, he
executed a deed of conveyance of said lot to Charles Ingalls,
which was recorded in the office of the county recorder on the
same day. This conveyance was intended for the benefit of
the plaintiffs herein, and on June 4, 1892, Ingalls conveyed the
lot to them by deed, which was recorded on the same day.
April 13, 1892, Beronio, Sr., and his wife executed a mortgage
of the lot to Roger McMenamin, and on December 13, 1896,
Catherine Walsh, to whom this mortgage had been assigned,
commenced an action for its foreclosure, in which these plain-
tiffs were named as defendants. In the complaint therein it
was alleged that these plaintiffs claimed an interest in said
mortgaged premises, and that their claim was subsequent and
subordinate to said mortgage, and the court found and decreed
in that action in accordance with this allegation. Under the
judgment rendered therein the property was sold by the sheriff
October 16, 1897, to Catherine Walsh for the amount of the
judgment and costs, and immediately thereafter she assigned
the sheriff's certificate to the defendant herein, to whom on
April 17, 1898, the sheriff executed a deed of conveyance. Upon
these facts the plaintiffs ask that the sheriff's deed be ad-
judged void, and that their title to the premises be quieted
against any claim of the defendant. The defendant demurred
to the complaint upon the ground that it failed to state a cause
of action, and also upon the ground that two causes of ac-
tion had been improperly united therein, viz., an action to
quiet the plaintiff's title, and an action to have the sheriff's
deed declared void. The demurrer was sustained by the court,
and from the judgment entered in favor of the defendant the
plaintiffs have appealed.

1. The complaint presents only a single cause of action, viz.,
the enforcement of the plaintiff's right to the premises in
question against the unlawful claim of the defendant thereto.
As a portion of the remedy for the enforcement of that right
it seeks the annulment of the sheriff's deed, but a plaintiff may
frequently be entitled to several species of remedy for the en-
forcement of a single right. (Pomeroy's Code Remedies, sec.

459; *Hutchinson v. Ainsworth,* 73 Cal. 452[6]; *McLennan v. Mc-Donnell,* 78 Cal. 273.)

2. Upon the authority of *McLaughlin v. Wright,* 63 Cal. 113, affirmed in *McDowell v. His Creditors,* 103 Cal. 264,[7] the declaration filed by Beronio did not have the effect to impress the property with any of the characteristics of a homestead. The conveyance by Beronio, without his wife uniting therein, had the effect, therefore, to transfer to Ingalls the title to the property, and, being of record at the date of the execution of the mortgage, was notice to the mortgagee that Beronio had already parted with his title thereto. Under the conveyance by Ingalls to the plaintiffs they therefore took the property freed from the encumbrance of the mortgage, or of any title derived thereunder.

3. It is contended, however, on behalf of the defendant that, inasmuch as the plaintiffs herein were made parties defendant in the foreclosure suit, and the court decreed in that action that their rights and interests in the mortgaged premises were subsequent and subordinate to the mortgage, they are estopped from asserting any claim thereto adverse to the title derived by virtue of the sale under said judgment of foreclosure.

In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, either upon the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. (1 Greenleaf on Evidence, sec. 528; *Kerr v. Hays,* 35 N. Y. 331; *Cromwell v. County of Sac,* 94 U. S. 351; *Russell v. Place,* 94 U. S. 606; *Lillis v. Emigrant Ditch Co.,* 95 Cal. 553.) "Every estoppel must be certain to every intent, and not to be taken by argument or inference." (Coke on Littleton, 352 b.) "If upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence." (*Russell v. Place, supra.*) By section 1908, subdivision 2, of the Code of Civil Procedure, the effect of a judgment is conclusive "in respect to the matter directly adjudged,"

---

* 2 Am. St. Rep. 823.
ʳ 42 Am. St. Rep. 114.

and, by section 1911, "that only is deemed to have been adjudged in a former action which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

The object of a suit for the foreclosure of a mortgage is to subject to a judicial sale and vest in the purchaser thereunder the same title or estate in the mortgaged property which the mortgagor had at the time of the execution of the mortgage, and the only proper or necessary parties defendant to such suit are the mortgagor and those who claim an interest in the property derived subsequent to the date of the mortgage. Titles adverse to that of the mortgagor, or superior to that covered by the mortgage, are not proper subjects for determination in the suit. (Jones on Mortgages, sec. 1589; Wiltsie on Foreclosure, secs. 191, 192; *McComb v. Spangler*, 71 Cal. 418.) Whenever it is made to appear that the interest of a defendant is adverse or superior to that covered by the mortgage, the proper action of the court is to dismiss him from the suit. (*Ord v. Bartlett*, 83 Cal. 428; *Code v. Bean*, 93 Cal. 578; *Hoppe v. Fountain*, 104 Cal. 94.) If, however, the plaintiff makes the holder of an adverse title a party defendant to the foreclosure suit, setting forth facts from which he claims that such title is subordinate to his mortgage, and issues upon these facts are presented for adjudication without objection on the part of the defendant, the judgment of the court thereon will not be void. The court may decline to pass upon the question as not germane to the suit for foreclosure, or it may determine that such claim of the defendant is unfounded, or that his interest in the premises is subordinate to the mortgage, or it may render a decree of foreclosure subject to the prior rights of such defendant. The subject matter of such controversy will be within the jurisdiction of the court, and, if the parties thereto submit the controversy to its determination, the judgment thus rendered will be as conclusive upon them as if rendered in an action specially brought for that purpose, and will not be subject to collateral attack. (*Helck v. Reinheimer*, 105 N. Y. 470; *Goebel v. Iffla*, 111 N. Y. 170; *Cromwell v. MacLean*, 123 N. Y. 474.)

Under the usual allegation in a complaint for foreclosure

that a defendant other than the mortgagor claims some interest in the premises, and that such interest is subsequent and subordinate to that created by the mortgage, any prior interest held by such defendant is not affected by the judgment therein. Such averment is not material to the plaintiff's cause of action, nor is it an issuable fact, and whether the court rendered judgment upon the default of the defendant, or upon an issue created by his denial of this averment, without setting forth the character of his interest, any prior interest held by him is not affected by such judgment. (*Lewis v. Smith,* 9 N. Y. 502[8]; *Frost v. Koon,* 30 N. Y. 428; *Smith v. Roberts,* 91 N. Y. 470; *Payn v. Grant,* 23 Hun, 134; *Elder v. Spinks,* 53 Cal. 293; *Sichler v. Look,* 93 Cal. 600.)

It does not appear that in the foreclosure suit there was any adjudication upon the title of the plaintiffs which is set forth in the complaint herein, or that their claim that their interest in the mortgaged premises is superior to that derived under the mortgage was submitted to that court for determination, or was determined by it. The allegation in the complaint therein that they claimed an interest in the mortgaged premises, and that this claim was subsequent and subordinate to said mortgage, did not present this issue for determination. The averment that their claim was "subordinate" to the mortgage was but a legal conclusion, and the allegation of fact upon which that conclusion depended—that the claim was subsequent to the mortgage—negatived any claim that it was prior thereto. The answer of these plaintiffs was but a denial of these allegations, and their admission that they had an interest in said premises as purchasers was not only consistent with the allegations of the complaint and with the object of the foreclosure suit, but failed to present any issue upon a claim of title superior to that covered by the mortgage, or upon the validity of such title. No facts were alleged, either in the complaint or in their answer, by which an issue upon their title or claim was presented to the court or made a subject for its determination, and the oral statement of their attorneys to the court, and its finding and decree thereon that their claim and in-

---

[8]  61 Am. Dec. 706.

terest were "subsequent" and subordinate to said mortgage, is of no higher force than if made upon their default.

The demurrer should, therefore, have been overruled.

The judgment is reversed, and the superior court is directed to enter an order overruling the demurrer of the defendant, and giving to it a reasonable time within which to answer the complaint.

Van Dyke, J., and Garoutte, J., concurred.