[Civ. No. 18151.   Second Dist., Div. Two.   Feb. 8, 1951.]

MARY A. HARNDEN, Respondent, v. WILLIAM A. HARN-
DEN, Appellant.

Joseph F. Rank and Donald J. Pierr for Appellant.

Lawrence P. McHugh for Respondent.

McCOMB, J.—This is an appeal by the former husband
of plaintiff from an order refusing to modify the provisions
of an interlocutory decree of divorce between the parties
relating to alimony accruing after the remarriage of plaintiff.

*Facts*: On the 8th day of May, 1946, an interlocutory decree
of divorce was entered. Said decree incorporated by reference
and partly *in haec verba* a property settlement agreement
executed by the parties May 7, 1946, and ordered that defend-
ant pay plaintiff $400 per month alimony for her support
and maintenance and continuing until further order of the
court.

Thereafter on May 20, 1947, a final decree was entered
incorporating by reference all the provisions of the inter-
locutory decree.

The property settlement agreement provided among other
things as follows: "4.   The parties hereto agree that the

Husband shall pay to the Wife as alimony the sum of Four hundred dollars ($400) per month payable Two hundred dollars ($200) on the first and fifteenth of each and every month, commencing with the payment of $200 on the 15th day of May, 1946. The parties agree that the within provision for the payment of alimony by Husband to Wife shall be incorporated into any decree made and entered in the now pending action between the parties, or any other action which may be brought by either party affecting the marital status of the parties, and the parties do hereby further agree and stipulate that neither party shall for a period of five (5) years from date hereof make application or seek to modify in any manner the said order for payments as herein provided. It is further understood and agreed that the above mentioned five-year period is not by way of limitation on the payment of alimony by Husband to Wife, but after such five-year period expires either party, if he or she so desires, may make application to the Court for modification of said order.''

On March 8, 1950, plaintiff remarried and is now the lawful wife of a person other than defendant. On May 2, 1950, defendant sought an order in the trial court modifying the interlocutory and final decrees to provide that he be not required to make further payments of alimony to plaintiff subsequent to her remarriage on March 8, 1950. This application was denied.

■ *Question*: *Does not the right of a former wife to receive alimony from a former husband cease upon her remarriage, even though a provision of a property settlement agreement (incorporated by reference into the divorce decrees) provides in effect, that for a certain number of years the alimony to which the wife may be entitled shall not be increased or decreased from a certain amount?*

*No.* Section 159 of the Civil Code reads: ''A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation and may make provision for the support of either of them and of their children during such separation.''

The property settlement agreement between the parties which was approved by the court contained the provision that ''the parties do hereby further agree and stipulate that neither party shall for a period of five (5) years from date hereof make application or seek to modify in any manner the said

order for payments as herein provided . . . but after such five-year period expires either party, if he or she so desires, may make application to the Court for modification of said order.''

The provisions of the agreement between the parties are clear and unequivocal. They were authorized to enter into such an agreement pursuant to the provisions of section 159 of the Civil Code and such agreement, having been approved by the court, was binding upon both parties. Five years not having elapsed from the date of the making of the agreement the trial court properly refused to grant defendant's application.

*Danz* v. *Danz,* 96 Cal.App.2d 709 [216 P.2d 162], and similar cases relied on by defendant, are factually distinguishable from the present case, and since a mere reading of such cases clearly discloses the differences, it would serve no useful purpose to set them forth *in extenso.*

Affirmed.

Moore, P. J., and Wilson, J., concurred

Appellant's petition for a hearing by the Supreme Court was denied April 5, 1951. Schauer, J., voted for a hearing.