CECILE Z. BARBASH, APPELLANT, v. ROGER S. BARBASH, EXECUTOR OF THE ESTATE OF WILLIAM J. BARBASH, RESPONDENT.

No. 7713

May 21, 1975                                        535 P.2d 781

*Stewart & Horton, Ltd.*, of Reno, for Appellant.

*Hibbs & Newton,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal concerns the application of California law to a 1941 property settlement agreement obligating William Barbash to pay his then wife, Cecile, support and maintenance in the sum of $100 per month "during her natural life." In 1942, the Superior Court of California granted Cecile a final decree of divorce, approved the agreement as fair and equitable, and specifically ordered William to pay Cecile $100 per month during the term of her natural life.

Many years later William died. In August 1972, Cecile timely filed a claim against his estate for $14,400 representing the present value of $100 per month for her life expectancy. The executor rejected her claim and this action then was commenced.

Cecile contends that William's obligation to support is to continue while she lives, survives his death, and is a valid charge against his estate. The executor's view is otherwise. The district court entered summary judgment for the executor, and Cecile has appealed. We reverse.

1.   California Civil Code § 139[1] in effect when the agreement was made and the final divorce decree entered provided that the court could compel the husband to make suitable allowances to the wife for her support during her life or for a shorter period and may, from time to time modify its order in that regard.

That provision spawned litigation with respect to court power to modify a property settlement and support agreement later approved and confirmed by the court in the final decree of divorce. It now is established California law that court power to modify does not exist if the property settlement and support agreement is integrated. Puckett v. Puckett, 136 P.2d 1 (1943); Adams v. Adams, 177 P.2d 265 (1947); Dexter v. Dexter, 265 P.2d 873 (1954); Messenger v. Messenger, 297 P.2d 988 (1956); Anderson v. Mart, 303 P.2d 539 (1956); Plummer v. Plummer, 313 P.2d 549 (1957).

In Plummer v. Plummer, supra, the court wrote: "An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties. Dexter v. Dexter, supra, 42 Cal.2d at pages 41–42, 265 P.2d at page 876; Messenger v. Messenger, supra, 46 Cal.2d at pages 626, 627–628, 297 P.2d at page 992; Herda v. Herda, 48 Cal.2d 228, 308 P.2d 705. It is immaterial whether or not the marital property is divided equally. Dexter v. Dexter, supra, 42 Cal.2d at page 43, 265 P.2d at page 877; Messenger v. Messenger, supra, 46 Cal.2d at pages 627–628, 297 P.2d at pages 992–993. It is immaterial that the amount of the marital property is small. Herda v. Herda, supra, 48 Cal.2d at page 230, 308 P.2d at page 707. It is likewise immaterial that the agreement calls for payments for "support" or "alimony." Messenger v. Messenger, supra, 46 Cal.2d at pages 624–625, 297 P.2d at pages 990, 991, and cases there cited.

---

[1]Civil Code § 139: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects."

"A support order based upon an integrated agreement may be modified if the parties so provide. Flynn v. Flynn, 42 Cal.2d 55, 61, 265 P.2d 865. Absent such a provision, it cannot. An agreement providing that the purpose .of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement." Id. at 552.

Not only is the court precluded from modifying an integrated agreement, but it is equally established that the obligation to support under the provisions of such an agreement does not terminate on the death of the husband or the remarriage of the wife unless the agreement so provides. Anderson v. Mart, supra, and the cases therein cited.

2. With the foregoing principles in mind, we turn to examine the agreement involved in this case. The agreement does not provide that support for the wife shall terminate on the death of the husband. It does provide that he shall pay her $100 per month during her natural life. Whether that obligation to support survived his death and is a charge against his estate, depends upon whether the agreement is an integrated agreement. It clearly is such an agreement. It deals both with rights to marital property and support, and recites that "it is the mutual wish and desire . . . that a full and final adjustment and settlement of their property rights, interest and claims against each other be had, settled and determined at the present time by this agreement." Moreover, they "release and forever discharge each other from any liability for support and maintenance other than as herein set forth." As in Plummer v. Plummer, supra, the inference is clear that the parties intended an integrated agreement.

3. We note the California law now is different for in 1951 Civil Code § 139 was amended to provide that except as otherwise agreed, the obligation of any party in any decree, judgment or order for support and maintenance of the other party shall terminate upon the death of the obligor or upon the remarriage of the other party. Since the agreement in this case was executed in 1941 and the decree entered in 1942,

the amendment of 1951 is of no consequence. Anderson v. Mart, supra, at 543.

Reversed with direction to enter judgment for Cecile Barbash for the present value of $100 per month for her life expectancy calculated as of the date of William's death.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.