[Civ. No. 14331.   Second Dist., Div. Two.   Apr. 26, 1944.]

LOUISE M. S. FINNEGAN, Respondent, v. WILLIAM J. FINNEGAN, Appellant.

110

Clarence Hansen for Appellant.

Harry M. Hunt, Frank C. Dunham and M. Everett Burton for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to obtain a judgment for separate maintenance for herself and for her minor child, alleging extreme cruelty on the part of defendant. At plaintiff's request a receiver was appointed to take charge of the property of the parties. At the trial plaintiff was awarded all the community property of the parties and the custody of the minor child and defendant was ordered to pay to plaintiff $100 per month for the support of

the child. Defendant has appealed from the judgment and from an order denying his motion made after judgment to set aside the judgment and findings and to enter a different judgment. There are also purported appeals from the order denying defendant's motion for a nonsuit and from the order denying his motion for a new trial.

Defendant contends that the evidence is insufficient to sustain the findings that the patents standing in defendant's name and the $6,000 deposited by the parties in escrow for the purchase of a home in joint tenancy were community property. Also, he attacks the finding that the parties had not become reconciled at the time of the filing of the complaint. In attempting to uphold the questioned findings he points out that the only record before the court is the agreed statement. In order to obtain a reversal of the judgment it is incumbent upon the appealing party to furnish the reviewing court a record showing affirmatively that the trial court ruled erroneously to his prejudice. Inasmuch as the agreed statement now before us does not purport to contain all the evidence received by the trial court it will be presumed that the evidence received was ample to support the findings.

In its judgment the court ordered that plaintiff "is authorized to live separate and apart from defendant." This language is followed by the award to plaintiff of the community property and the custody of the child and the order for the monthly payment for the support of the child. Defendant now argues that plaintiff was not given a judgment for permanent support and for this reason is not entitled to an award of the community property. In her complaint plaintiff set forth the various acts on the part of defendant constituting extreme cruelty and the court in its findings found these allegations to be true and in its conclusions of law stated that the "defendant has wrongfully inflicted upon plaintiff grievous mental sufferings, which amount to extreme cruelty, and that plaintiff is entitled to a decree and judgment of separate maintenance, authorizing plaintiff to live separate and apart from defendant." The cause of action being for extreme cruelty the court was, in its discretion, authorized to award all the community property to plaintiff. (Civ. Code, § 137; *D'Arcy* v. *D'Arcy*, 89 Cal.App. 86 [264 P. 497].) The case has several points in common with the D'Arcy case and the language there used can be appro-

priately applied here: "While the decree does not specifically say that the community property is awarded respondent 'for the support and maintenance of herself and her minor children,' it is clear from a reading of the entire judgment that its provisions were made for that purpose."

■ Defendant complains of the order made by the trial court concerning counsel fees. On October 5, 1942, at the hearing on a show cause order to fix counsel fees plaintiff was awarded the sum of $500 for her counsel fees and it is now claimed that the later award of $2,000 was improper, since there was no stipulation or order continuing the matter of additional fees to the time of trial. In the order of which complaint is now made the court found that the sum of $2,000 is a reasonable amount to be paid to plaintiff's attorney and directed that "said sum be paid out of the $6000 fund in escrow." Clearly, defendant is not in position to complain of this order, for he was not aggrieved thereby. The court ordered that the attorney fee be paid out of the money which had been awarded to plaintiff. It merely directed her to pay the amount designated from funds which by the court's order had become her own property.

■ In its judgment the trial court ordered the receiver to convey and transfer to plaintiff all of defendant's title and interest in and to certain letters patent, which were specifically enumerated, and further ordered the receiver to "continue as receiver, with power and direction to retain and keep in his possession all of the patents and royalty license agreements hereinbefore mentioned." It gave the receiver power to enter into agreements for licensing under the patents and "to sell said letters patent . . . under order of court and dispose of the proceeds to plaintiff under order of court . . ."

The court erred in attempting to thus dispose of the patents and the rights growing therefrom. Under the provisions of the patent law the owner of a patent may transfer his interest therein. The mere appointment of a receiver does not itself vest in him the title to the patents. (*Ball* v. *Coker*, 168 F. 304.) A receiver cannot assign patent rights so as to pass legal title unless the owner joins in the assignment. (48 C.J. 243.) It has been held that a judgment debtor owning a patent may be compelled, upon examination in proceedings supplementary to execution, to assign by proper instrument all his right in a patent to a receiver appointed to dispose of it

in aid of execution. (*Pacific Bank* v. *Robinson,* 57 Cal. 520 [40 Am.Rep. 120].) To make effective the award of the patent rights to plaintiff in the present action the trial court should have followed the practice of ordering defendant to make the proper assignment of his interest in the patents.

The judgment is affirmed except as to that part thereof which purports to order the receiver to dispose of the letters patent and patent rights and royalties arising therefrom. It is reversed insofar as it attempts to dispose of such patents, patent rights and royalties. The purported appeals from the order denying the motion for a nonsuit and from the order denying the motion for a new trial are dismissed. The appellant shall recover costs on appeal.

Moore, P. J., and McComb, J., concurred.