[L. A. 22394. In Bank. May. 4, 1954.]

LOUISE M. S. FINNEGAN, Plaintiff and Appellant, v. WILLIAM J. FINNEGAN, Defendant and Appellant.

Jerry Giesler and Harold C. Holland for Plaintiff and Appellant.

A. A. Goldstone for Defendant and Appellant.

TRAYNOR, J.—In 1943 plaintiff secured a decree of separate maintenance awarding her all of the community property and $100 per month for the support of the minor son of the parties. On defendant's appeal the decree was affirmed as to these provisions but reversed insofar as it ordered a sale of certain property by a receiver. (*Finnegan* v. *Finnegan,* 64 Cal.App.2d 109 [148 P.2d 37].) Thereafter the parties entered into a property settlement agreement, which by stipulation was adopted as the basis for a final judgment of separate maintenance. The stipulation provided that "the provisions of the property settlement agreement between the parties dated April 14, 1944, are intended to be and are in full and complete settlement of the property rights and obligations which are or could be litigated in the above entitled action. . . . [T]he parties have read and are familiar with the judgment attached hereto, are desirous that it be executed and consent that it may be signed by any judge of the Superior Court for Los Angeles County. . . . [S]aid judgment when signed and filed shall be in complete satisfaction of the mutual rights and obligations of the parties hereto respecting all matters litigated in this action whether or not covered by or included in the judgment heretofore and on May 20, 1943 filed and entered herein." The judgment provided that plaintiff was entitled to live separate and apart from defendant, approved the property settlement agreement, and provided that in conformity with its terms "defendant be and he is hereby ordered to pay to said plaintiff the sums for alimony and support of herself and minor son as provided in Paragraph Five of said Agreement, said payments to be at the rate of Two Hundred Seventy Dollars ($270.00) per month commencing August 5th, 1944, until said monthly sums are reduced as provided in said Agreement. . . :" The agreement, which was attached to the judgment and incorporated therein in its entirety by reference, recited that the parties were living separate and apart and that they had agreed "upon a mutual property settlement pertaining to all the property of every kind, nature and description, belonging to them, or either of them, and to be a complete and final settlement of their mutual rights and claims of every kind and nature whatsoever. . . ." The agreement then listed the property in which one or both of the parties asserted an interest and made detailed provisions for its division. Paragraph five provided for the payment of $270 per month for alimony

and support for plaintiff and the minor son of the parties. These payments were to be reduced to $170 per month when the son either died, married, became of age, or became self-supporting, and were to terminate on the death or remarriage of plaintiff. It was also provided that if defendant sold certain patents, plaintiff should receive half of the amount realized, and if she received $25,000 from this source, the $170 per month alimony should terminate. If she received less than $25,000, the payments should be reduced *pro tanto*. Paragraph 13 provided that ''The property received by each of the parties hereto, respectively, and the agreements herein contained are received and made by each of the parties hereto in full of all claims and rights of every kind, nature and description, which either party hereto may have or claim to have against the other now or hereafter, including any rights or relief with respect to property or maintenance which [plaintiff] might obtain in said action D-224, 875, and in full for all claims and rights which either party hereto would have upon the estate of the other, and is in lieu of all rights which the law would give the other as husband or wife, or as a surviving husband or wife. . . .'' The agreement also contained a waiver by plaintiff of court costs and attorney fees, and provided that after-acquired property should be the separate property of the party acquiring it. In 1950 plaintiff petitioned the court for an increase in the amount of the monthly payments for the support of herself and the minor son. The court awarded an additional $75 per month for the support of the son but denied any increase for plaintiff's support on the ground that the provision for monthly payments was an inseparable part of the property settlement agreement. Plaintiff appealed and secured an order for costs and attorney fees on appeal, and defendant appealed from the latter order.

If the provision for monthly payments pursuant to the terms of the property settlement agreement had been entered by the court in a divorce action, it is clear that it could not be modified. ■ ''A husband and wife may contract with respect to their property (Civ. Code, § 158), and if they are living separate and apart they may provide for the support and maintenance of either of them and their children. (Civ. Code, § 159.) ■ Moreover, as between the husband and wife, if the provisions for support and maintenance have been made an integral or inseverable part of the division of their property, and the court in a divorce action has approved the agreement, its provisions cannot thereafter be modified

without the consent of both of the parties." (*Dexter* v. *Dexter*, *ante*, pp. 36, 40-41 [265 P.2d 873] ; see also *Fox* v. *Fox*, *ante*, pp. 49, 52 [265 P.2d 881].) In this case, as in the Dexter and Fox cases, the parties made the provisions for support and maintenance of plaintiff an integral part of their property settlement agreement. They stated that they wished to settle all of their "mutual rights and claims of every kind and nature whatsoever," and provided that the "property received by each of the parties hereto, respectively, and the agreements herein contained are received and made by each of the parties hereto in full of all claims and rights of every kind, nature and description . . . including any right or relief with respect to property or maintenance . . . and . . . in lieu of all rights which the law would give the other as husband or wife." Accordingly, plaintiff may not be awarded additional support and maintenance without changing the property settlement agreement of the parties.

Plaintiff contends, however, in reliance on *Monroe* v. *Superior Court*, 28 Cal.2d 427 [170 P.2d 473], and *Verdier* v. *Verdier*, 36 Cal.2d 241 [223 P.2d 214], that while the parties remain married the court has continuing jurisdiction to modify the support and maintenance provisions of a separate maintenance decree, and that the parties cannot, by making the support provisions an integral part of a property settlement, prevent the court from exercising its power of modification. Neither of the cited cases supports this contention. In the Monroe case no property settlement agreement was involved, and it was held that the fact that support payments under a separate maintenance decree had terminated according to its terms did not prevent the court from modifying its decree to provide for additional payments in the future. In the Verdier case it was held that the existence of an unperformed separation agreement did not prevent the court from granting separate maintenance under section 137 of the Civil Code on the ground that the husband had wilfully failed to support his wife. ▮ In the present case, on the other hand, the parties while living separate and apart entered into a valid contract settling both their property and support rights and secured its approval and adoption by the court. Plaintiff has accepted the benefits of the agreement, and defendant has at all times performed his obligations thereunder. The situation has not been altered by an unaccepted offer of reconciliation (see *Cardinale* v. *Cardinale*, 8 Cal.2d 762,

768 [68 P.2d 351]), or by a reconciliation (see *Estate of Boeson*, 201 Cal. 36, 42-43 [255 P. 800]; 1 Armstrong, California Family Law, pp. 582-584; see, also, *Barham* v. *Barham*, 33 Cal.2d 416, 427-429 [202 P.2d 289]), and neither of the parties has given the other grounds for abrogating the agreement. (See *Verdier* v. *Verdier*, 36 Cal.2d 241, 245-246 [223 P.2d 214].) Thus, neither of the parties has done anything that would affect their status as spouses living separate and apart under the terms of their contract as approved and incorporated in the judgment. (See *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 466 [184 P. 864]; *Sargent* v. *Sargent*, 106 Cal. 541, 545-546 [39 P. 931].) Under these circumstances there is no reasonable basis for holding that their agreement is not binding upon them and the court. Accordingly, the court cannot modify the payments or award costs and attorney fees contrary to its terms.

The order denying modification of the judgment to increase the support and maintenance payments to plaintiff is affirmed. The order awarding costs and attorney fees is reversed. Each side shall bear its own costs on these appeals.

Shenk, J., Edmonds, J., Spence, J., and Bray, J. pro tem.,* concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion but my reasons for this conclusion are expressed in my dissents in *Monroe* v. *Superior Court*, 28 Cal. 2d 427, 432 [170 P.2d 473]; *Verdier* v. *Verdier*, 36 Cal.2d 241, 249 [223 P.2d 214]; *Dexter* v. *Dexter, ante*, pp. 36, 44 [265 P.2d 873]; *Fox* v. *Fox, ante*, pp. 49, 53 [265 P.2d 881]; *Flynn* v. *Flynn, ante*, pp. 55, 62 [265 P.2d 865].

SCHAUER, J.—I concur in the judgment and generally in the holdings of the opinion. I expressly disavow, however, the implication, if any such be otherwise construable, that, a valid contract having been entered into, the validity or effect or enforceability of that contract could be in anywise altered by the unilateral act of either party.

---

*Assigned by Chairman of Judicial Council.