[Civ. No. 17218. First Dist., Div. One. May 27, 1957.]

ADELLA GROLLA, Appellant, v. OSCAR M. GROLLA, Respondent.

Postel & Postel for Appellant.

Joseph F. Mannion for Respondent.

PETERS, P. J.—Adella Grolla appeals from two orders of the trial court, one denying her motion to modify a divorce decree by increasing her support payments, and the other denying her motion for counsel fees and costs on her appeal from the first order. The main problem on these appeals is the frequently recurring one of determining whether a property settlement agreement between a husband and wife that not only divides the property of the parties but contains provisions for the wife's support is an integrated agreement, which cannot be modified by the court, or whether the support provisions are severable, and therefore subject to court modification. The trial court ruled that, as a matter of law, the agreement was not subject to modification. The wife appeals.

In August of 1954 the wife, who had been married to the defendant for 32 years, brought an action for a divorce on the ground of cruelty, praying for a divorce, alimony, attorney's fees and all the community property. Defendant defaulted, and an interlocutory decree was secured by plaintiff in October of 1954. The interlocutory provided, in part:

"It is further ordered, adjudged and decreed that the property settlement agreement entered into by and between plaintiff and defendant on the 30th day of September, 1954,

be and the same is hereby approved, ratified and confirmed in all respects.

"It is further hereby ordered, adjudged and decreed, in pursuance of said property settlement agreement, that defendant pay to plaintiff as alimony for the sole support and maintenance of plaintiff the sum of $100.00 per month commencing with the first day of October, 1954, and continuing monthly thereafter until the remarriage of plaintiff or the death of either party."

In August of 1955 plaintiff, claiming changed circumstances, moved for a modification of the support payments from $100 to $200 monthly. On October 6, 1955, the final decree of divorce was entered. It contained provisions identical with those quoted above from the interlocutory decree. On October 10, 1955, the motion for modification was denied, the court expressly finding that the interlocutory decree "was made pursuant to . . . [the property settlement] agreement, and that said agreement was approved by the trial Court and that the decree entered herein was and is an inseparable part of the consideration for the property settlement agreement and that, together, they constitute an integrated bargain. . . ."

On these appeals the major contention of appellant is that the provision in the property settlement agreement for her support is severable from the portions of the agreement relating to the division of the marital property, and was, therefore, subject to modification.

Property settlement agreements containing provisions for the support of the wife or children have frequently been before the courts for interpretation. Usually the question is whether the provision for support is or is not severable from the balance of the agreement. ■ If severable, the power to modify the support provision is retained. If nonseverable, the support provisions cannot be modified without the consent of both parties. (*Herda* v. *Herda*, 48 Cal.2d 228 [308 P.2d 705]; *Anderson* v. *Mart*, 47 Cal.2d 274 [303 P.2d 539]; *Messenger* v. *Messenger*, 46 Cal.2d 619 [297 P.2d 988]; *Finnegan* v. *Finnegan*, 42 Cal.2d 762 [269 P.2d 873]; *Flynn* v. *Flynn*, 42 Cal.2d 55 [265 P.2d 865]; *Dexter* v. *Dexter*, 42 Cal.2d 36 [265 P.2d 873]; *Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265].)

■ ■ Generally speaking, property settlement agreements containing support provisions may fall into one of three categories. It may contain (1) a support clause not

related to any division of the marital property; or (2) a support clause in the nature of an annuity in lieu of part of the wife's share of the marital property; or (3) a support clause that waives any right to increased support in the future in exchange for a larger share of the marital property than she otherwise would get. The first type of agreement is subject to the general rule of modification applicable to alimony allowances. The latter two types of agreement cannot be modified without the consent of both parties, the support and property division provisions being "non-severable."

In the instant case, since the final decree confirmed the provisions of the interlocutory, which, in turn, confirmed the terms of the original agreement, the agreement itself must be examined for interpretation purposes. ■ Where, as here, no extrinsic evidence as to the intent of the parties is introduced, the interpretation of the agreement becomes a question of law, and the interpretation of the trial court, although reasonable, is not binding on the appellate court if that court believes there is another and more reasonable interpretation. (*Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988].)

These are the general rules applicable to the problem here presented. There is no difference of opinion between the parties as to these rules. They differ, however, as to the proper application of these rules to the agreement here involved.

That agreement was drafted by appellant's then counsel. It is relatively short. The preamble provides: "The above-named parties, wife and husband, hereby agree as and for a complete settlement of their community property rights and all claims of every kind and character of each against the other as follows:" There then follows a listing of the community property and provisions for its division between the parties. Admittedly, the wife received community property valued at about $21,000, while the property received by the husband was valued at about $7,000. Immediately after the division of the property appears paragraph 4 which provides:

"The defendant husband hereby agrees to pay to the plaintiff wife as alimony for the sole support and maintenance of said plaintiff wife, the sum of $100.00 per month . . . continuing monthly . . . until the remarriage of plaintiff wife or the death of either party."

Paragraph 6 reads as follows:

"Any and all other property of every kind and character

in the possession or under the control of either of the parties, except as hereinbefore mentioned, is the separate property and estate of the party holding or controlling the same, free and clear of any claims of the opposite party."

Paragraph 7 contains the following language:

"The parties hereto do, and each of them does, hereby waive, release, relinquish and acknowledge full and complete satisfaction of any and all claims against each other, except as herein provided, and said parties do acknowledge full and complete satisfaction of any and all claims against or interest in the community property of the parties hereto, and that the said community property rights of the parties hereto are fully settled and determined; and it is understood and agreed that any property hereafter acquired by either of the parties hereto, of any nature or kind whatsoever, shall be the sole and separate property and estate of the party acquiring the same."

■ Appellant points out that in paragraph 4 the support payments are designated "as alimony." While such a designation is entitled to some consideration in trying to ascertain the intent of the contracting parties, such label is not controlling. (*Messenger* v. *Messenger*, 46 Cal.2d 619 [297 P.2d 988]; *Fox* v. *Fox*, 42 Cal.2d 49 [265 P.2d 881]; *Dexter* v. *Dexter*, 42 Cal.2d 36 [265 P.2d 873].) This is so because even if the support provisions constitute "alimony" they may be inseparable from the provisions relating to the division of the marital property.

■ Appellant also places reliance on the other provisions of paragraph 4 which terminate the support provisions upon the remarriage of the wife or the death of either party. Such provisions are, of course, characteristic of alimony, which normally terminates upon the specified events. But as the cases cited above indicate (see also *Herda* v. *Herda*, 48 Cal. 2d 228 [308 P.2d 705], in which the rationale of the opinion supports the cited cases), such provisions cannot be considered as a binding determination that the amount allotted is alimony when the agreement is construed as a whole.

■ Appellant also contends that it is significant that the separation agreement was not part of the complaint, nor was it introduced into evidence at the trial. This is irrelevant on the issue of interpretation. Admittedly, the parties entered into the agreement, and the trial court "approved, ratified and confirmed" it "in all respects." (*Anderson* v. *Mart*, 47 Cal.2d 274 [303 P.2d 539]; *Flynn* v. *Flynn*, 42 Cal.2d 55 [265 P.2d 865].)

■ Appellant also points out that the provision for support is separately stated and not part of the provisions for the division of the community property, and seems to believe that that indicates that the provisions are severable. This argument was expressly rejected by this court in *Helvern* v. *Helvern*, 139 Cal.App.2d 819, at page 828 [294 P.2d 482], where we pointed out: ''These arguments are without merit, because the purpose of such separate treatment is obviously to make the support provisions enforceable by contempt process.'' (See also *Dexter* v. *Dexter*, 42 Cal.2d 36 [265 P.2d 873] ; *Finnegan* v. *Finnegan*, 42 Cal.2d 762 [269 P.2d 873].)

As opposed to these arguments respondent points to evidence which, he claims, constitutes internal evidence that the support and property provisions are inseverable. ■ He calls attention, for example, to the fact that under the agreement the wife received $21,000 worth of community property while the husband received but $7,000. Respondent seems to think that this implies a waiver of future rights to increased payments for support. This factor is certainly not binding on this court on the issue of interpretation. (See *Helvern* v. *Helvern*, 139 Cal.App.2d 819 [294 P.2d 482].) It is worthy of note that appellant sought and secured her divorce on the ground of extreme cruelty. The trial court, in such a case, could, of course, have awarded her all of the community property. ■ More important on the issue of interpretation are the provisions of the preamble providing that the parties ''hereby agree as and for a complete settlement of their community property rights and all claims of every kind and character of each against the other.'' This shows a general intent to settle ''all claims'' of the parties, one of which is the right to support. Such intent is emphasized by the provisions in paragraph 7, in which the parties expressly ''waive, release, relinquish and acknowledge full and complete satisfaction of any and all claims against each other, except as herein provided . . . and it is understood and agreed that any property hereafter acquired by either of the parties hereto, of any nature or kind whatsoever, shall be the sole and separate property and estate of the party acquiring the same.'' These provisions closely resemble paragraphs 10 and 12 of the property settlement agreement involved in *Helvern* v. *Helvern, supra,* see page 829. In that case such paragraphs were deemed to constitute strong internal evidence of an intent that the provisions were nonseverable. (See also *Anderson* v. *Mart,* 47 Cal.2d 274 [303 P.2d 539] ; *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988].)

Thus, a reading of the contract indicates that the provisions supporting an inference of nonseverability outweigh those that support the inference of severability. It is our view that the most reasonable interpretation of the agreement is that it shows on its face that the parties intended that the support and property division provisions should be nonseverable.

It should also be mentioned that the separation agreement was drafted by the former attorney for the appellant. The general rules applicable to the construction of contracts apply to the interpretation of separation agreements. (See *Messenger* v. *Messenger*, 46 Cal.2d 619 [297 P.2d 988].) ▇▇ One of the settled canons of construction is that "in case of uncertainty in a contract it is construed most strongly against the party who caused the uncertainty to exist—the party drafting the instrument." (*Taylor* v. *J. B. Hill Co.*, 31 Cal.2d 373 [189 P.2d 258].)

▇▇ This holding that the agreement, properly interpreted, contains an implied waiver by appellant of any potential claim to a future increase in the support allowance is necessarily decisive of the correctness of the order denying appellant's motion for the costs and counsel fees involved in the second appeal. The same language of waiver must be construed as waiving such costs and fees. (See *Fox* v. *Fox*, 42 Cal.2d 49 [265 P.2d 881]; *Patton* v. *Patton*, 32 Cal.2d 520 [196 P.2d 909]; *McClure* v. *McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]; *Pearman* v. *Pearman*, 104 Cal. App.2d 250 [231 P.2d 101].) *Nicolai* v. *Nicolai*, 96 Cal.App.2d 951 [216 P.2d 913], is not contrary to these cases. In that case, although an allowance for costs and counsel fees was upheld in the face of a waiver, the respondent did not, on appeal, contest the allowance.

The orders appealed from are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.