[Civ. No. 24419. Second Dist., Div. Three. Oct. 14, 1960.]

ISABELLE MONETTE EBERT, Respondent, v. CARL ERICH EBERT, Appellant.

Allport & Allport and Harold E. Allport, Jr., for Appellant.

A. Maxson Smith for Respondent.

FORD, J.—This is an appeal by the defendant from an order which discharged an order to show cause why certain provisions in a judgment of divorce with respect to monthly payments to the plaintiff and as to the designation of the beneficiaries under a policy of life insurance should not be modified. The action of the court was taken upon the motion of

the plaintiff on the ground that the court had no jurisdiction to grant the relief which was sought.

The plaintiff filed an action for divorce on July 5, 1951. She alleged that the defendant had been guilty of extreme cruelty. In his answer he denied that allegation. The matter came on for trial on November 13, 1951. A property settlement agreement, which was executed on September 25, 1951, was received in evidence as an exhibit. Findings of fact were waived. In the interlocutory judgment of divorce granted to the plaintiff the property settlement agreement was "hereby approved and in conformity with said property settlement agreement" it was "further adjudged, decreed and ordered" that certain dispositions of real and personal properties be made as between the parties, that the defendant execute a change of beneficiary endorsement so as to make the children the irrevocable beneficiaries of the policy involved on the present appeal, that the plaintiff have custody of the children subject to the right of the defendant to reasonable visitation, that the defendant pay certain monthly sums for the support of the children as well as certain other expenses, and that the defendant pay to the plaintiff the sum of $450.00 per month "for the support and maintenance of plaintiff until such time as plaintiff shall die or shall remarry." Certain other orders were made which need not be specifically mentioned herein. The final judgment of divorce was entered on November 21, 1952, and incorporated by reference the provisions which have been noted.

The order to show cause, to which reference has been made, was dated August 27, 1958. The affidavit of the defendant stated, in substance, that there had been a substantial decline in his income as a physician since the date of the interlocutory judgment. He stated that the plaintiff "is in good health and able to work but refuses to do so" while he "is in poor health and is working to the best of his ability but is unable at this time to produce any income." On September 4, 1958, the plaintiff filed her written objections to the hearing of the matter, asserting that the interlocutory and final judgments were based upon, and made in conformity with, the property settlement agreement of the parties and that the court was without jurisdiction to grant the modification which was sought by the defendant.

While the language of the interlocutory judgment did not as fully serve the purpose of clarity as is desirable (see *Flynn* v. *Flynn*, 42 Cal.2d 55, 58-59 [265 P.2d 865] ; *Foust* v. *Foust*,

47 Cal.2d 121, 125 [302 P.2d 11]), such language has been held to result in the incorporation of the agreement into the decree by reference. (*Kelley* v. *Kelley,* 151 Cal.App.2d 228, 231 [311 P.2d 90] ; see *Fox* v. *Fox,* 42 Cal.2d 49, 50 [265 P.2d 881] ; *Grolla* v. *Grolla,* 151 Cal.App.2d 253, 257, 258 [311 P.2d 547].)

Pertinent provisions of the agreement thus incorporated by reference into the judgment must be examined in resolving the problem presented on this appeal. A substantial amount of real and personal property is set forth in the agreement and is described as being community property. It is further stated that "it is the desire of the parties hereto, once and for all, to settle their property rights concerning any and all property of any kind and nature whatsoever, acquired since said marriage of the parties hereto, as a result of their marital relationship, as well as to compensate Second Party [the plaintiff] for any and all attorney fees, court costs, alimony, maintenance or support which might be sought by Second Party from First Party in any court proceedings of any kind whatsoever, or otherwise, now pending, or which might be hereafter commenced." The language which immediately precedes the specific dispositions made with respect to various matters is as follows: "Now, THEREFORE, in complete settlement, adjustment and compromise of all property questions and rights arising out of said marital relationship, the parties hereby agree as follows: . . . ." In paragraph 1, which is immediately after the language just quoted, it is stated that the residence of the parties shall be sold as soon as it shall be reasonably possible and the net proceeds divided equally between the parties. Paragraph 2 relates to the equal division of the furniture and furnishings. In paragraph 3, provision is made for the equal division of United States savings bonds. Under paragraph 4, all life insurance policies (being in the total face amount of $52,154) are to be the sole and separate property of the defendant but he is to maintain the policies in full force and effect and irrevocably to name the children as beneficiaries of certain policies and, as to policies of a total face amount of $13,000, the plaintiff as beneficiary "until such time as she may remarry," and, as to one policy in the face amount of $654, his estate as beneficiary. Under paragraph 5, the defendant is to have a 1948 Chevrolet automobile and, under paragraph 6, the plaintiff is to have a 1949 Chevrolet automobile. Occupancy of the residence by the defendant without payment to the plaintiff therefor until the sale thereof

is the subject matter of paragraph 7. Paragraph 8 is a release by the plaintiff, in consideration of the delivery to her of the property as stated in the agreement, of "all claims as such wife to the community property of the parties hereto and/or to the separate estate of First Party." Paragraph 9 is a release in favor of the wife of "any and all claims, demands, actions or causes of action which he [the defendant], as husband of Second Party, may have in respect to her separate property, or property which may hereafter be acquired by her," including any money or property which she would acquire under the terms of the agreement. As to the support of the children, a portion of paragraph 10 is as follows: "First Party shall pay to Second Party the sum of $75.00 per month for the support of each of the children of the parties until they respectively shall become deceased, become self-supporting, marry, cease to be in the legal custody of Second Party, attain the age of majority, or until a court of competent jurisdiction shall otherwise order." Paragraph 12 is as follows: "First Party shall pay to Second Party the sum of $450.00 per month for her support and maintenance until such time as Second Party shall become deceased or shall remarry." In paragraph 13, provision is made for the payment by the defendant of "the necessary medical, dental and hospital bills for Second Party during such period as she is entitled to support under paragraph 12 hereof," when incurred with the prior consent, except in case of emergency, of the defendant. Paragraph 14 is: "Anything to the contrary in this agreement notwithstanding, First Party's obligation to make payments for the support or maintenance of Second Party or the minor children shall cease upon the death of First Party and his estate shall have no continuing obligation to make such payments. The insurance policies on the life of First Party herein made payable to Second Party and the minor children are deemed sufficient for their continued support and maintenance after the death of First Party." In paragraph 17, it is provided that the agreement is to become effective when approved by the court in the pending proceeding, and that the parties stipulate that all the provisions, terms and conditions thereof may be adopted by the court and incorporated in whole or in part in any judgment rendered by the court. The payments were to commence on the 20th day of the month following the date on which the court should approve the agreement.

[██] Hybrid agreements by which not only property rights but rights and duties as to support are settled are *sui generis*.

(*Plumer* v. *Plumer,* 48 Cal.2d 820, 823 [313 P.2d 549].)

As stated in the Plumer case at pages 824-825: "The possibility of modifying an order for support based on such an agreement without the consent of the parties, depends upon whether the provisions for division of property and the provisions for support are severable rather than integrated. If they are integrated the order may not be modified unless the parties have provided for or agreed to such a modification. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at 40.)

"An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at 41-42; *Messenger* v. *Messenger, supra,* 46 Cal.2d at 626, 627-628; *Herda* v. *Herda, ante,* pp. 228, 231-232 [308 P.2d 705].) It is immaterial whether or not the marital property is divided equally. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at 43; *Messenger* v. *Messenger, supra,* 46 Cal.2d at 627-628.) It is immaterial that the amount of the marital property is small. (*Herda* v. *Herda, supra, ante,* at p. 232.) It is likewise immaterial that the agreement calls for payments for 'support' or 'alimony.' (*Messenger* v. *Messenger, supra,* 46 Cal.2d at 624-625 and cases there cited.)"

In the Plumer case, rules which are helpful in determining whether the provisions for division of property and the provisions for support are severable or are integrated are stated at page 825: "An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. (*Messenger* v. *Messenger, supra,* 46 Cal.2d at 628; *Anderson* v. *Mart,* 47 Cal.2d 274, 279 [303 P.2d 539]; *Herda* v. *Herda, supra, ante,* at p. 232.) Even absent one or more of the foregoing provisions, there may be other proof that the parties intended an integrated agreement. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at 41.) Thus, the parties may be uncertain

as to the value or legal ownership of property. They may be uncertain which of them is entitled to a divorce and on what grounds and therefore uncertain as to their legal rights with respect to support and the division of property. An agreement for a specified division of property and specified support payments settling such uncertainties is integrated in the absence of convincing proof that the parties intended it to be severable. (See *Dexter* v. *Dexter, supra,* 42 Cal.2d at 43; *Messenger* v. *Messenger, supra,* 46 Cal.2d at 627-628.)''

We must turn then to a scrutiny of the provisions of the agreement presently before this court. ''There is no inflexible standard for measurement of the intent of the parties; the question is the same as in the interpretation of any other agreement,—an ascertainment of the intention of the parties as expressed through the language adopted by them. The document is to be viewed from and within its four corners and where, as here, there is no extrinsic evidence the question of its meaning is one of law. (*Fox* v. *Fox, supra,* 42 Cal.2d 49, 52; *Messenger* v. *Messenger, supra,* 46 Cal.2d 619, 626; *Bradley* v. *Superior Court, supra,* 48 Cal.2d 509, 516.)'' (*Kelley* v. *Kelley, supra,* 151 Cal.App.2d 228, 233; see also *Grolla* v. *Grolla, supra,* 151 Cal.App.2d 253, 257.)

 A sense of finality is indicated in the use of the words ''once and for all'' in the statement in the agreement which has been first quoted in this opinion. It is there said that it is the desire of the parties, ''once and for all,'' to settle their property rights arising out of their marital relationship as well as to compensate the wife for ''any and all attorney fees, court costs, alimony, maintenance or support which might be sought by Second Party from First Party in any court proceedings of any kind whatsoever, or otherwise, now pending, or which might be hereafter commenced.'' The paragraph which immediately precedes and has reference to all the numbered paragraphs of the agreement makes it clear that the provisions of such paragraphs are ''in complete settlement, adjustment and compromise of all property questions and rights arising out of said marital relationship.'' While the paragraphs in the nature of releases are primarily directed to property interests, the absence of a similar provision with respect to the matter of support and maintenance does not preclude a determination that the provisions of the agreement are not severable but are parts of an integrated agreement. Nor does the fact that the monthly payments to the wife are to cease upon her death or remarriage bar such a conclusion.

(*Dexter* v. *Dexter*, 42 Cal.2d 36, 41 [265 P.2d 873] ; *Grolla* v. *Grolla*, *supra*, 151 Cal.App.2d 253, 258.) ██ It is, of course, not necessary that the parties expressly recite that they intend an integrated agreement when the agreement itself makes the intent clear. (*Plumer* v. *Plumer*, *supra*, 48 Cal.2d 820, 825.) The following language which is found in *Grolla* v. *Grolla*, *supra*, 151 Cal.App.2d 253, at page 260, finds pertinent application in the present case : "Thus, a reading of the contract indicates that the provisions supporting an inference of nonseverability outweigh those that support the inference of severability. It is our view that the most reasonable interpretation of the agreement is that it shows on its face that the parties intended that the support and property division provisions should be nonseverable." ██ In view of our conclusion that the provisions for division and disposition of property and the provisions for the support of the wife are integrated, in the present state of the record there is no basis for modification of either the provision for support of the plaintiff contained in the judgment for divorce or the provision therein with respect to the particular policy of life insurance.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.