[Civ. No. 25062.   Second Dist., Div. One.   June 2, 1961.]

JEAN R. BAKER, Respondent, v. JOEL R. BAKER, JR., Appellant.

Sweeney, Stearns & Foye and Jack R. Stearns for Appellant.

Erb, French & Picone and Samuel B. Picone for Respondent.

LILLIE, J.—At the trial of the within divorce action, the parties entered into an oral stipulation relative to the custody and support of the minor children, division of the marital property, and support and maintenance of plaintiff wife, whereupon the cause was heard as a default and plaintiff was granted an interlocutory decree of divorce. The decree recites

that "an oral property settlement agreement" was entered into in open court relative to certain matters; and in pertinent part provides "that the defendant is ordered to pay for the support and maintenance of the plaintiff, the sum of $350 per month . . . until death or remarriage of the plaintiff . . ." (Par. (d)). A final decree was entered August 25, 1959. Thereafter defendant husband filed an order to show cause *re* modification requesting a reduction of the support payments; at the hearing thereon plaintiff objected to the introduction of any evidence of a change of circumstances; the objection was sustained on the ground that the support provision, as part of an integrated property settlement agreement, was not subject to modification. From the order dismissing the order to show cause defendant appeals.

Appellant argues that the oral property settlement agreement, as recited in the decree, "does not constitute an integrated contract, because the same became merged into the divorce decree"; that the agreement lacks the essential characteristics of an integrated contract; and that in any event, to eliminate confusion, the law should extend remedies of contempt and modification to "litigants in all cases whether their agreements are integrated or not."

[██] Merger is primarily a question of intent. ██ That a merger of the oral agreement into the decree was here intended is reflected in a statement made by appellant's counsel in open court after the stipulation was presented by respondent's counsel—that he would "like the record to show that . . . upon the approval of this oral property settlement agreement by the Court, that the terms and provisions would be *merged* with any and all other provisions and orders made by the Court, and comprising the interlocutory decree of divorce in this matter," and the express concurrence therein by respondent's counsel; and in the fact that the entire oral agreement as presented to the court for its approval, is fully set out in the decree, and the court ordered the support provisions thereof to be performed by expressly providing therein: "That the defendant is ordered to pay for the support of plaintiff, the sum of $350.00 per month . . ." (Par. (d)). (*Plummer* v. *Superior Court*, 20 Cal.2d 158 [124 P.2d 5]; *Lazar* v. *Superior Court*, 16 Cal.2d 617 [107 P.2d 249]; *Flynn* v. *Flynn*, 42 Cal.2d 55 [265 P.2d 865].) The agreement resulting from the oral stipulation was not only submitted to the lower court for its approval, approved by the court and referred to in the interlocutory decree, but its provisions were incorporated

therein in haec verba. This did more than merely validate the oral agreement, it merged the same into the decree terminating its status as merely an obligation imposed by contract, creating in its stead an obligation imposed by order of the court. (*Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1]; *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15].) There can be no doubt in the case at bar that it was the intent of the parties and the court that the merger should occur, and that a merger was effected.

■■ However, contrary to the contention of appellant that the agreement "does not constitute an integrated contract, because the same became merged into the divorce decree," it is well settled that a merger of the terms of an agreement into a decree of the court does not necessarily constitute the support provisions thereof a severable and modifiable alimony award; whether such award is subject to future modification depends upon the agreement out of which it arose; if, in the property settlement agreement the provisions for support and maintenance have been made an integral or inseverable part of the property division, an award based thereon cannot thereafter be modified contrary to the terms of the agreement without the consent of both parties. (*Dexter* v. *Dexter,* 42 Cal.2d 36 [265 P.2d 873]; *Flynn* v. *Flynn,* 42 Cal.2d 55 [265 P.2d 865]; *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988]; *Adams* v. *Adams,* 29 Cal.2d 621 [177 P.2d 265].)

The oral agreement here merged into the interlocutory decree appears in hybrid form. (*Adams* v. *Adams,* 29 Cal.2d 621 [177 P.2d 265]; *Dexter* v. *Dexter,* 42 Cal.2d 36 [265 P.2d 873].) Besides a division of the marital property in which plaintiff is awarded real property, household furnishings and an automobile, and defendant is awarded an automobile, certain bonuses and several life insurance policies, the agreement also provides for custody and visitation rights of two minor children, $350 per month support for the children, support and maintenance for plaintiff wife in the sum of $350 a month, various provisions for payment by defendant of numerous marital obligations, and attorneys' fees.

■■ When an order for support payments to a wife arises out of an agreement of the parties, whether subsequent modification thereof may be made without consent of both parties depends upon the nature of the agreement (*Plumer* v. *Plumer,* 48 Cal.2d 820 [313 P.2d 549]), which must be considered as a whole (*Fox* v. *Fox,* 42 Cal.2d 49 [265 P.2d 881]); and what constitutes an integrated agreement depends pri-

marily upon the intent of the parties reflected mainly in the express terms and provisions of the instrument, although it is not necessary that the parties expressly recite such an intent when the agreement itself makes the intent clear. (*Dexter* v. *Dexter*, 42 Cal.2d 36 [265 P.2d 873].) ▮ That which is deemed conclusive evidence of intent to constitute a property settlement agreement integrated and inseverable, is discussed by the court in *Plumer* v. *Plumer*, 48 Cal.2d 820, at page 825 [313 P.2d 549] : "An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. (*Messenger* v. *Messenger*, *supra*, 46 Cal.2d at 628 ; *Anderson* v. *Mart*, 47 Cal. 2d 274, 279 [303 P.2d 539] ; *Herda* v. *Herda*, *supra*, *ante*, at page 232 [48 Cal.2d 228 (308 P.2d 705)].) Even absent one or more of the foregoing provisions, there may be other proof that the parties intended an integrated agreement. (*Dexter* v. *Dexter*, *supra*, 42 Cal.2d at 41.) "

▮ Although the result of an oral stipulation and without formal expression, the provisions of the property settlement agreement presented to the court for its approval and incorporation into the decree, and the then detailed statements of counsel to the court concerning how the agreement shall in the future be considered, show, without question—the purpose of both parties to reach a final settlement of their rights and duties with respect to property and support, their clear intent that the agreement shall be considered by them and the court as an integrated agreement, inseverable and unmodifiable, and their waiver of all rights arising out of the marital relationship except those expressly set forth in the agreement.

That the parties intended the agreement to constitute a permanent and final settlement not subject to future change, is clearly reflected in the oral stipulation itself presented to the court and incorporated in haec verba into the interlocutory decree. In submitting the oral stipulation counsel for respondent included therein the twelfth provision—"That neither alimony nor child support shall be subject to increase or decrease by virtue of change of circumstances for either party, and that neither party will apply therefor"; and in accord therewith the formal decree specifically provided, "It is or-

dered that the orders with reference to the support and maintenance of the plaintiff and the minor children shall not be subject to increase or decrease by reason of any change of circumstances, and that neither plaintiff nor defendant shall apply for any changes thereon for any such reason.'' (Par. (d).) Further, the colloquy between counsel and between counsel and the court, at the time the stipulation was presented for approval, leaves no doubt that the one thing appellant's counsel wanted to clarify for a certainty and about which he wanted no further misunderstanding, was that ''this oral property settlement agreement shall be construed as a matter of law as an *integrated* instrument, not two or three separate contracts relating to a distribution of community and joint property on the one hand, alimony for the plaintiff on the other, and support and maintenance for the children thirdly.''

Appellant now claims ''there is not one single indication in the record'' that the support provisions are inseverable from the property division and the agreement ''lacks most, if not all, of the essential characteristics of the integrated agreement.'' Only a review of the explicit and detailed statements so carefully presented by appellant's counsel to the trial court will reveal the complete and unjustified change of position appellant has assumed in this proceeding. After respondent's counsel recited to the court the provisions of the oral stipulation to be approved by the court and later incorporated in its decree, appellant's counsel made a lengthy statement, only the pertinent part of which is here recited: ''If it please the Court, I have one or two comments that I should like to add to the stipulation so that it will be a matter of record. I feel that these are entirely consistent with the stipulation that has already been presented, but for the purposes of clarity and for the purpose of minimizing, if not obviating completely the possibility of any misunderstanding concerning any element of misunderstanding, I should like the record to show . . . by this oral property settlement agreement the parties intended to and do accept both the division of their property and of their rights and duties with respect to support and maintenance, both for the plaintiff wife and for the minor children of the parties, and each party, except as herein otherwise provided *waives* all right to support, care, and maintenance; that they may *express intention* of both parties that the provisions for all monthly payments herein, whether for alimony or child support, are an *integral* part of the oral property

settlement agreement, and that the same are *not a separate or separateable agreement* for the payment of alimony or child support. In other words, that this oral property settlement agreement shall be *construed as a matter of law as an integrated instrument,* not two or three separate contracts relating to a distribution of community and joint property on the one hand, alimony for the plaintiff on the other, and support and maintenance for the children thirdly.'' To avoid any further misunderstanding, counsel for respondent then said to the court, ''. . . I gather that it is counsel's intent in stating what he has, which apparently is the law of this state at this time, to reenforce the provision that neither party will apply to the court at any time in the future for either increase or decrease in alimony or child support by virtue of a change of either party. If it is your intent to fortify it . . .,'' whereupon appellant's counsel interrupted, ''That is precisely what I have in mind. *Dexter* v. *Dexter,* appearing at 42 Cal.2d 36 [265 P.2d 873], and I want the principles and doctrine announced in that case to be applicable to this situation, as I understand it is the intention of both parties . . . .'' Counsel for respondent advised the court he had not lately read the Dexter case but ''in principle what he (appellant's counsel) does state is what we have agreed to.'' To clarify the situation that there would be no further question concerning the matter counsel for appellant here stated: ''Well, just for the record, then, and for the purpose of further clarification, the doctrine of the case (*Dexter* v. *Dexter*) essentially is that if the property settlement agreement is an *integrated instrument,* that the court hereinafter will not have to secure jurisdiction to disturb the arrangement and the provisions and the covenants and obligations created by the parties in any degree.''

The trial judge pointed out to the parties and their counsel that under the view of appellant's counsel, the agreement might become unenforceable in the event the appellant ''becomes ill and is hospitalized he cannot comply with the agreement''; appellant's counsel hastened to assure the court that he did not think as a matter of law it would alter the appellant's contractual obligation. Respondent's counsel then asked his client if she understood the stipulation; appellant's counsel asked appellant the same question, to which he responded in the affirmative; his counsel then stated to him, ''You understand that in entering into this oral property settlement agreement in this stipulation that your rights and obligations are *permanently* fixed, and that there will be no modification or

amendment thereto except in relation to the matters that are reserved to the court concerning the welfare of the children," to which Mr. Baker answered, "Yes."

Further it is clear from the foregoing that the parties expressly waived all rights arising out of the marital relationship except those set out in the agreement. Respondent's counsel recited to the court as the last provision of the oral agreement, "that the parties waive any and all right to support, maintenance, or alimony except as herein specifically provided." Later appellant's counsel repeated this understanding and agreement.

The intention of the parties, at the time the oral stipulation was entered into and at the time they submitted the same to the trial court for approval, that it shall be an integrated property settlement agreement not subject to further modification, could hardly have been more plainly set forth. That the trial court, in the recital of the oral stipulation in its interlocutory decree may have referred to the agreement as providing for "alimony," or in the body of the decree used the terminology "maintenance and support" in connection with the payments, is immaterial (*Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988]); immaterial also is the fact that payments to the wife were to terminate upon her death or remarriage (*Fox* v. *Fox,* 42 Cal.2d 49 [265 P.2d 881]; *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988]; *Grolla* v. *Grolla,* 151 Cal.App.2d 253 [311 P.2d 547]), how the marital property is divided or that the amount thereof is small (*Plumer* v. *Plumer,* 48 Cal.2d 820 [313 P.2d 549]), or that the property division and support payments are separately stated. (*Helvern* v. *Helvern,* 139 Cal.App.2d 819 [294 P.2d 482]; *Grolla* v. *Grolla,* 151 Cal.App.2d 253 [311 P.2d 547]; *Newhall* v. *Newhall,* 157 Cal.App.2d 786 [321 P.2d 818].) Thus we conclude that the trial court's construction of the agreement, as reflected in the interlocutory decree of divorce, was proper, as was its order refusing to permit evidence to be introduced upon appellant's application for modification of the support award.

Appellant devotes the greater portion of his brief to the argument that, assuming the agreement constituted an integrated inseverable property settlement agreement, "in order to stabilize the unsettled state of the law . . . and in the interest of eliminating great confusion" the law should be "extended so as to make the remedies of contempt and modifica-

tion available to litigants in all cases, whether their agreements are integrated or not." (A.O.B. p. 3.)

Contrary to appellant's opinion that the law in this field is unsettled, a line of decisions of the Supreme Court of this state has firmly established what constitutes an integrated agreement and that if a property settlement agreement is integrated and inseverable, even though merged in the court's order, a support award growing out of its provisions is not subject to modification unless it so provides. This principle is predicated upon public policy favoring contractual property settlements to extended litigation (*Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265]) and the stability of binding contracts dividing marital property and finally settling rights and obligations of support. (*Plumer* v. *Plumer*, 48 Cal.2d 820 [313 P.2d 549].) The parties had a right to separate on their own terms; they were free to divide their property and provide for support as they wished and to choose whether their agreement therefor should constitute the type which subsequently could not be changed without their express consent; and if they intended to, and did, especially after careful negotiations and with the advice of counsel, agree to settle their rights and duties with finality, and entered into an integrated agreement which, before the divorce was granted, was approved by the court (which has full power to examine the contract and the facts surrounding its execution), it should not thereafter be subject to modification without the consent of both parties.

Thus, if any confusion exists, it lies not in the law, which is clearly defined by our courts, but in the construction of such agreements made necessary mainly because of the lack of care used in their preparation to express the true intent of the parties, or because of the subsequent attempt of one party to repudiate his original bargain. The latter seems to be the cause of the instant litigation, for appellant's counsel exercised great care in entering into the oral stipulation and presenting the same to the court for its approval, at which time he specifically declared his client's intent and desire to constitute the stipulation a property settlement agreement finally settling the rights and duties of both parties, never in the future to be subject to change regardless of circumstances. Having exercised care in foreclosing any attempt on the part of respondent to secure an increase in support payments, appellant has by his conduct bound himself, precluding the success of his own efforts to obtain a reduction. That he now

seeks to renege his original bargain certainly does not justify any change in the law which is clearly settled by the Supreme Court and which is based upon sound equitable and legal principles.

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.